**BARONE et al. v. SCHICK, Inc.**

No. 137, Docket 21492.

United States Court of Appeals
Second Circuit.

Argued March 7, 1950.

Decided April 3, 1950.

48

Pullman & Comley, Bridgeport, Conn., J. Kenneth Bradley, Bridgeport, Conn., and Dwight F. Fanton, Bridgeport, Conn., of counsel, for defendant-appellant.

Sigmund L. Miller, Bridgeport, Conn., Jerome Y. Sturm, New York City, Abraham Fishbein, New York City, for plaintiff-appellee.

Before SWAN, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

In the agreement, the sole reference to arbitration is found in Article V. That Article provides that "Any grievance or dispute which arises in connection with the application or interpretation of any of the terms or provisions hereof" [i. e., of the agreement] * * * shall be settled in accordance with the following grievance procedure." That "procedure" includes the following: If a grievance exists, "it shall be reduced to writing" by the employee and countersigned by the department steward; the foreman is then to "write his answer." The "written grievance" then becomes the basis of an attempted settlement. If not settled, "either party may notify the other," within a specified period, "of their intention to submit the grievance to arbitration." Article V explicitly states: "No grievance will be discussed unless the procedure outlined has been followed."

The record contains nothing to show that any grievance, constituting any of the claims here sued upon, was ever "reduced to writing." As to no such claim, then, did

the "grievance procedure" ever become operative. Accordingly, as to no such claim could the arbitration clause become potentially active, since that clause is but a part of the "grievance procedure" which can be set in motion in no other way than by a written statement of a grievance.[1] On that ground, all else aside, the denial of a stay was proper. We therefore do not consider the applicability of the federal and Connecticut arbitration statutes.

Affirmed.

---

1. Moreover, the claims here were for unpaid instalments, so that there is applicable this provision: "Any grievance shall be retroactive only to the date the written grievance is submitted to the government."